**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PHILIP JAMES TRACY,<br>Plaintiff,<br>vs.<br>FRANK BISIGNANO, Commissioner of Social Security,<br>Defendant. | Case No.: 3:26-cv-00396-CLB<br>ORDER GRANTING<br>STIPULATION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) AND COSTS PURSUANT TO 28 U.S.C. §§ 1920; 2412; DECLARATION OF MARC V. KALAGIAN |

TO THE HONORABLE CARLA BALDWIN, MAGISTRATE JUDGE OF THE UNITED STATES DISTRICT COURT:

IT IS HEREBY STIPULATED, by and between the parties through their undersigned counsel, subject to the approval of the Court, that Philip James Tracy

("Tracy") be awarded attorney fees in the amount of TWO THOUSAND TWO HUNDRED dollars ($2,200.00) and expenses in the amount of Zero dollars ($0.00) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and costs in the amount of Zero dollars ($0.00) under 28 U.S.C. §§ 1920; 2412. These amounts represent compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. §§ 1920; 2412(d).

After the Court issues an order for EAJA fees to Tracy, the government will consider the matter of Tracy's assignment of EAJA fees to Marc Kalagian. The retainer agreement containing the assignment is attached as exhibit 1. Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2529 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Tracy, but if the Department of the Treasury determines that Tracy does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Law Offices of Lawrence D. Rohlfing, Inc., CPC, pursuant to the assignment executed by Tracy.[1] Any payments made shall be delivered to Law Offices of Lawrence D. Rohlfing, Inc., CPC. Counsel agrees that any payment of costs may be made either by electronic fund transfer (EFT) or by check.

[1] The parties do not stipulate whether counsel for the plaintiff has a cognizable lien under federal law against the recovery of EAJA fees that survives the Treasury Offset Program.

This stipulation constitutes a compromise settlement of Tracy's request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Tracy and/or Marc Kalagian including Law Offices of Lawrence D. Rohlfing, Inc., CPC, may have relating to EAJA attorney fees in connection with this action.

This award is without prejudice to the rights of Marc Kalagian and/or the Law Offices of Lawrence D. Rohlfing, Inc., CPC, to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

DATE: October 23, 2026 Respectfully submitted,

LAW OFFICES OF LAWRENCE D. ROHLFING, INC., CPC

/s/ *Marc V. Kalagian* [2]

BY:____________________
Marc V. Kalagian
Attorney for plaintiff
PHILIP JAMES TRACY

DATED: October 23, 2026

SIGAL CHATTAH
First Assistant United States Attorney

/s/ *Christopher Vieira*

______________________________
CHRISTOPHER VIEIRA
Special Assistant United States Attorney
Attorneys for Defendant
FRANK BISIGNANO, Commissioner of Social Security (Per e-mail authorization)

---

[2] Counsel for the plaintiff attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

IT IS SO ORDERED.

DATED: October 27, 2026

THE HONORABLE CARLA BALDWIN
UNITED STATES MAGISTRATE JUDGE